AO 91 (rev.11/11) Criminal Complaint       AUTHORIZED AND APPROVED DATE: _CH Hines  3/31/2021_

# United States District Court
## for the

__WESTERN__ DISTRICT OF __OKLAHOMA__

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | Case No: MJ-21- 208-STE |
| RYAN EVERETT O'NEAL ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of March 19, 2020, in the county of Stephens, in the Western District of Oklahoma, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 113(a)(3) and 18 U.S.C. § 1152 | Assault with a Dangerous Weapon, a knife, in Indian Country |

This criminal complaint is based on these facts:

See attached Affidavit of Special Agent Charles Thumann, Federal Bureau of Investigation, which is incorporated and made a part hereof by reference.

☒ Continued on the attached sheet.

_____
*Complainant's signature*
Charles W. Thumann, Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my presence.

Date: __Mar 31, 2021__

City and State: Lawton, OK

_____
*Judge's signature*

SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I,     Charles W. Thumann, a Special Agent of the Federal Bureau of Investigation (FBI), Oklahoma City Division, being duly sworn, state:

### AFFIANT'S EXPERIENCE

1. I have been employed as a Special Agent (SA) with the FBI since July 2004 and have been assigned to the Oklahoma City Division of the FBI for approximately 11 years. During the past 16 years, I have conducted a wide variety of investigations, including cases involving violent crimes in Indian country.

### PURPOSE OF AFFIDAVIT

2. This Affidavit is submitted in support of a warrant for the arrest of **Ryan Everett O'Neal (O'NEAL)** for the following offense committed in Indian country - assault with a dangerous weapon with intent to do bodily harm, pursuant to Title 18, United States Code Section 113(a)(3) and Title 18, United States Code, Section 1152. Since this Affidavit is being submitted for the limited purpose of securing a criminal complaint and an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a criminal complaint and an arrest warrant.

### FACTS AND CIRCUMSTANCES

3. I am aware of the information set forth below through conversations with other law enforcement officers, review of reports and affidavits prepared by other law

1

enforcement officers, and review of documents from related state court proceedings. This case was originally investigated by the Stephens County Sheriff's Office (SCSO) and the Velma Police Department (VPD).

4. On March 19, 2020, at approximately 12:50 p.m., a SCSO deputy assigned to the patrol division was advised by dispatch of a white female running westbound on 1790 Road in front of a white Dodge Charger vehicle. The SCSO deputy advised dispatch to contact VPD because VPD would be able to respond in a timelier manner.

5. At approximately 1:05 p.m., the responding SCSO deputy heard the responding officer from VPD telling the subject to get on the ground. At this point, the SCSO deputy activated his emergency lights and sirens. The VPD officer told the SCSO deputy that he had a male detained and a female needing medical attention. The VPD Officer had observed a cut on the female's hand, among other injuries including bruising on her face and neck.

6. When the SCSO deputy arrived, he was advised by VPD officer that the female victim had a knife in her hands when she ran towards his patrol unit and jumped in the front seat. The female victim stated, "Help me, get him away from me."

7. The female needing medical attention was identified as W.D.P. and the male subject was identified as **O'NEAL**.

8. When the SCSO deputy opened the driver's side door to turn off the vehicle, he observed blood all over the interior of the vehicle as well as damage to the front windshield. W.D.P. was transported to Duncan Regional Hospital for medical care.

9. The responding SCSO deputy and VPD officer attempted to speak with W.D.P. She advised the car they were traveling in was involved in an accident and went into a ditch. The SCSO deputy noticed W.D.P.'s shirt was ripped and barely hanging onto her shoulders. W.D.P. had marks on her neck which resembled finger marks. W.D.P. had a black eye, her right arm had numerous bruises from her shoulder down to her wrist, and there was a bite mark on her left shoulder. W.D.P. refused to provide the responding deputy and officer a release for her medical records. However, she stated, "Thank you for saving me."

10. The responding SCSO deputy reviewed dashcam footage from the VPD officer's cruiser and heard W.D.P. yelling, "He (**O'NEAL**) was going to kill me, he told me he was going to kill me." W.D.P. repeated the statement multiple times.

11. According to the SCSO deputy's probable cause arrest affidavit, **O'NEAL** was arrested near the intersection of CR 2950 and CR 1790, Duncan, Oklahoma. This intersection is located within the boundaries of Chickasaw Nation.

12. On March 20, 2020, the District Attorney for Stephens County charged **O'NEAL** in Stephens County District Court Case Number CF-2020-63 with one count of assault, battery, or assault and battery with a sharp or dangerous weapon with intent to injure in violation of Title 21, Oklahoma Statutes, Section 645, and one count of domestic assault and battery by strangulation, in violation of Title 21, Oklahoma Statutes, Section 644(H).

3

13. On August 14, 2020, W.D.P. testified at a preliminary hearing for **O'NEAL** regarding case number CF-2020-63. When W.D.P. was asked where she was going on March 19, 2020, she stated, "We were going to a friend's house in Loco." W.D.P. was later asked from where she left to travel to Loco, Oklahoma. W.D.P. replied, "Another friend of ours on 8th and Bois D'Arc." Both, the intersection at 8th and Bois D'Arc in Duncan, Oklahoma, and the town of Loco, Oklahoma, are within the boundaries of Chickasaw Nation. W.D.P. testified that while they were in the car, **O'NEAL** had a knife in his hand and said, "Now I've got - - now I've got to kill you." W.D.P. testified that when **O'NEAL** came at her with the knife, the knife made contact with her left hand, between her finger and thumb, causing her to bleed.

14. This Court has jurisdiction pursuant to Title 18, United States Code, Section 1152, because **O'NEAL** is an enrolled member of the Caddo Nation and the offense occurred within Indian country. On March 25, 2021, **O'NEAL** filed an application for dismissal of his Stephens County District Court case in which he argued that the Stephens County District Court lacked jurisdiction to try him because he is a citizen of the Caddo Nation, and the crimes occurred within the boundaries of the Chickasaw Nation.

15. Based upon my training and experience, and the facts and circumstances described above, I believe probable cause exists to support a criminal complaint and arrest warrant for **Ryan Everett O'NEAL** for violations of Title 18, United States Code, Sections 113(a)(3) and 1152.

Further, your Affiant sayeth not.

*[signature]*
Charles W. Thumann
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this the 31st day of March, 2021, at ▓▓▓▓▓▓▓, Oklahoma.
Lawton

*[signature]*
Judge Shon T. Erwin
United States Magistrate Judge

5